**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Best Western International, Inc., an Arizona non-profit corporation,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>S&S, LLC, a Missouri limited liability corporation; and Shatish Shethi,<br><br>　　　　　Defendants. | No. CV-04-1431-PHX-DGC<br><br>**ORDER** |

　　　　Pending before the Court is Plaintiff's motion for entry of default judgment against Defendant Shatish Shethi pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. Doc. #10. For the reasons set forth below, the Court will grant the motion in part.

　　　　Plaintiff seeks a default judgment totaling $162,232.60: (1) $57,178.30, plus interest, in damages for an outstanding balance on an open account that represents certain membership fees, dues, charges, and costs and (2) $105,054.30 in liquidated damages for the breach of the parties' agreement based on the continued unauthorized use of Plaintiff's trademarks. Doc. #10 Ex. B. At the Court's request, Plaintiff has submitted evidence regarding the amount of damages it seeks and has informed the Court of the specific counts of the complaint upon which such damages are based. Docs. ##12-14.

　　　　Having reviewed the evidence submitted by Plaintiff, the Court will grant default judgment against Defendant Shethi on Counts I and II, breach of contract and open

account, respectively, in the amount of $57,178.30, plus interest. Doc. #13 at 1-2, Ex. 1; *see* Doc. #1 ¶¶ 35-48, 40-43, Ex. 1 ¶ 12. With respect to Count III, post-termination use of trademarks, the Court will grant default judgment in the amount of $87,972.30, which constitutes damages for the 103-day period Defendant Shethi improperly used Plaintiff's trademarks as shown by Plaintiff's evidence. Doc. #13 at 2-3; *see* Doc. #1 ¶¶ 49-53, Ex. 1 ¶ 24. Plaintiff contends that it is entitled to damages for an additional 20 days Defendant Shethi *allegedly* used Plaintiff's trademarks without authorization. Doc. #13 at 3. Plaintiff, however, has presented no evidence to support this allegation. The Court will accordingly deny the motion for entry of default judgment with respect to this additional amount of damages Plaintiff seeks on Count III. *See Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (rejecting the plaintiffs' assertion that the defendants' default admitted the full amount of damages claimed and stating that "[t]he general rule of law is that upon default the factual allegations of the complaint, *except those relating to the amount of damages*, will be taken as true") (emphasis added); Fed. R. Civ. P. 8(d) ("Averments in a pleading to which a responsive pleading is required, *other than those as to the amount of damage*, are admitted when not denied in the responsive pleading.") (emphasis added).

**IT IS ORDERED:**

1. Plaintiff's motion for entry of default judgment against Defendant Shatish Shethi (Doc. #10) is granted in part and denied in part.

2. Default judgment is entered in favor of Plaintiff and against Defendant Shethi on Counts I and II of the Complaint in the amount of $57,178.30, plus interest at the rate of 1.5% per month from May 13, 2005 until paid in full, and on Count III in the amount of $87,972.30.

3. Plaintiff shall file a report regarding the status of this case by November 18, 2005.

DATED this 4th day of November, 2005.

David G. Campbell
United States District Judge